JACOBS, Appellant, vs. FREDERICK, Respondent.

*January 15 — February 2, 1892.*

*Limitation of actions: Fraud.*

An action at law to recover money paid for stock which the plaintiff was induced to purchase by the defendant's fraudulent representations, must be commenced within six years after the money was paid. The cause of action accrued at that time and not when the fraud was discovered.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is stated in the opinion.

For the appellant there was a brief by *Duffy & McCrory*, and oral argument by *F. F. Duffy*. They contended, *inter alia*, that where fraud is the foundation of the action, the statute of limitations does not begin to run, in the absence of negligence or laches of the plaintiff, until the discovery of the fraud. The weight of authority is in favor of the application of the rule to actions at law as well as to suits in equity. *Bailey v. Glover*, 21 Wall. 349; *Rosenthal v. Walker*, 111 U. S. 185; *Traer v. Clews*, 115 id. 528; *Bree v. Holbech*, 2 Doug. 655; *Clark v. Hangham*, 3 Dowl. & R. 322; *Granger v. George*, 5 Barn. & C. 149; *First Mass. Turnpike v. Field*, 3 Mass. 201; *Welles v. Fish*, 3 Pick. 75; *Jones v. Conoway*, 4 Yeates, 109; *Rush v. Barr*, 1 Watts, 110; *Pennock v. Freeman*, id. 410; *Manufacturers' Nat. Bank v. Perry*, 144 Mass. 313; *Walker v. Soule*, 138 id. 570; *Gibbs v. Guild*, L. R. 8 Q. B. 296; Bussell, Lim. 389–391; *Munson v. Hallowell*, 84 Am. Dec. 582; *Boomer v. French*, 40 Iowa, 601; 5 Field's Lawyers' Briefs, 454; *Wear v. Skimmer*, 24 Am. Rep. 517. The facts stated in the complaint are such that the plaintiff would have been entitled to relief in a court of chancery before the adoption of the Code. In the absence of any statutory exception to the statute of limitations the court should hold that the fraud and deceit

on the part of the defendant, concealed from the plaintiff, is an exception by implication which should be applied to the case at bar.

*E. S. Bragg*, for the respondent.

WINSLOW, J. This is an action at law to recover the purchase price of certain shares of stock in an Arizona mining company. The complaint alleges that the stock was sold on two separate occasions, in May and October, 1883, and was induced by certain grossly false and fraudulent representations as to the property of the company, the falsity of which was not discovered by plaintiff until December, 1887; that plaintiff offered to return the stock and demanded the refunding of the consideration paid in January, 1890, but defendant refused to accept the stock or return the money. The answer pleads the six years statute of limitations. Upon the trial it was stipulated, in open court, that the action was commenced more than six years after the last sale of stock; whereupon the court sustained defendant's objection to further evidence as immaterial, on the ground that the action was barred by the statute of limitations, and rendered judgment for the defendant. From this judgment this appeal is taken.

By the terms of sec. 4222, R. S., the action is barred after six years from the time it accrued. The simple question, then, is whether it accrued at the time the fraud was successfully perpetrated in October, 1883, or when it was discovered in 1887. It accrued when the right to commence it was complete. That right was complete as soon as the fraud was perpetrated and the money paid. No exception can be interpolated in the statute by the courts when its terms are plain. *Woodbury v. Shackleford*, 19 Wis. 55. But one exception is named in the statute, viz., that in an action for relief on the ground of fraud, which before the adoption of the Code was solely cognizable in chancery, the

cause of action shall not be deemed to have accrued until the discovery of the fraud. This being purely an action at law, this exception does not apply to this case. Hence the general provisions of the statute prevail, and the action is cut off at the end of six years from the successful perpetration of the fraud. This seems to be the only possible conclusion from mere inspection of the statute.

If to support this construction other ground of argument were necessary, it is afforded by previous legislation. In the Revised Statutes of 1839 and 1849, it was provided that, in case any person liable to an action fraudulently concealed the cause of action from the person entitled thereto, the action may be commenced within six years after the discovery thereof. R. S. 1839, p. 262, sec. 27; R. S. 1849, ch. 127, sec. 35. In the Revised Statutes of 1858 this provision was dropped, and the exception substantially as it now exists was substituted. The intent to change the policy of the law and limit the exception to actions in equity could not be more plainly expressed.

From these views it is plain that the judgment appealed from is correct.

*By the Court.*— Judgment affirmed.