THOMAS F. MASON, as Receiver of the WIDOWS AND ORPHANS'
   BENEFIT LIFE INSURANCE COMPANY, Appellant, v. LYDIA
   DELPHINE HENRY et al., as Executrix and Executors of
   JOHN F. HENRY, Deceased, Respondents.

1. INSOLVENT CORPORATIONS — REMEDIES OF RECEIVER AGAINST TRUS-
TEES, FOR WASTE.   The receiver of an insolvent corporation may enforce
the liability of its trustees or directors to make good the loss occasioned
to the company by their misapplication of its assets, either by an action at
law for damages or by an action in equity for an accounting.

2. INSOLVENT LIFE INSURANCE COMPANY — ACTION BY RECEIVER
AGAINST TRUSTEE — CONCURRENT JURISDICTION OF LAW AND CHANCERY.
An action by the receiver of an insolvent life insurance company to
compel a trustee to account for assets fraudulently misapplied by him,
involves a cause of action of which, under the old system, the courts of
law and of chancery had concurrent jurisdiction, and not one which was
solely cognizable by the Court of Chancery.

3. LIMITATION OF ACTIONS — CODE OF PROCEDURE, § 91, SUBD. 1.
When an action by the receiver of an insolvent life insurance company to
compel a trustee to account for assets fraudulently misapplied by him
is governed by the former Code of Procedure, it is subject to the six
years' limitation prescribed by subdivision 1 of section 91 of that Code,
as an action upon a "liability;" and is barred by the lapse of six years
between the misapplication and the commencement of suit.

4. CODE OF PROCEDURE, § 91, SUBD. 1: CODE OF CIVIL PROCEDURE,
§ 382, SUBD. 1.   The distinction is to be observed that while subdivision
1 of the six years' Statute of Limitations in the Code of Procedure (§ 91)
had reference to an action upon either a contract, or an obligation, or a
liability, the corresponding subdivision in the Code of Civil Procedure
(§ 382) has reference to an action upon an obligation or liability founded
upon contract.

5. ATTRIBUTES OF RECEIVER OF LIFE INSURANCE COMPANY.   The
receiver of a dissolved insolvent life insurance company primarily repre-
sents the company, as well as all persons interested in its assets, including
the policyholders, and possesses whatever rights the corporation possessed
and might have enforced against its trustees for misfeasance in office.

6. RECEIVER AND POLICYHOLDERS — MISAPPLICATION OF RESERVE BY
TRUSTEE.   Even if an action brought by the receiver of a dissolved
insolvent life insurance company to compel a trustee to account for mis-
applied moneys of the reserve fund is regarded as brought by him exclu-
sively as the representative of the policyholders, it is (if governed by the
Code of Procedure) subject to the six years' limitation; and the cause of
action must be deemed to have accrued at the misapplication and not at

the appointment of the receiver, where the misapplication is the injury which the plaintiff complains of as accruing to the policyholders.

7. SUSPENSIÒN OF STATUTE OF LIMITATIONS — BURDEN OF PROOF. When an answer sets up the Statute of Limitations, the burden is cast upon the plaintiff of proving how the running of the statute has been suspended, as, by the non-discovery of fraud.

*Mason* v. *Henry*, 83 Hun, 546, affirmed.

(Argued March 10, 1897; decided April 20, 1897.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial department, entered January 28, 1895, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

The plaintiff, as the receiver of the defunct Widows and Orphans' Benefit Life Insurance Company, commenced this action against the defendants' testator to compel him to account for the property, assets and effects belonging to that company and which were in the possession, or under the control, of him and his associates, as the trustees of that corporation in the month of November, 1871. The plaintiff sets forth in his complaint a number of facts relating to that company and to the Mutual Protection Life Insurance Company; which bear upon their management and their financial condition in October, 1871. It shows that at that time the former company, with a capital of $200,000, had a surplus as to its policy obligations and that the latter company, with a capital of $100,000, was insolvent and unable to meet its policy obligations. It sets forth the proposal by the trustees of the " Mutual Protection " company to the trustees of the " Widows and Orphans' " company of a scheme for the purchase of the capital stock of the latter company at the price of par in gold; the resignation, thereupon, of the trustees of the " Widows and Orphans' " company; the election in their place of certain persons, designated by the Mutual Protection Company, and the transfer of the business and reserve under cover of a reinsurance contract. It alleges that, on October 9th, 1871, at a meeting of the board of trustees of the " Widows and Orphans' " com-

pany, the proposition for the purchase of the stock was accepted; that on October 19th, 1871, certain of the trustees of the " Widows and Orphans' " company, at a meeting held at that date, resigned their positions and there were elected in their places a number of the trustees of the Mutual Protection Company, among whom was the defendant Henry; that, on November 9th, 1871, the defendant Henry and his associates, acting as trustees of the " Widows and Orphans' " company, at a board meeting held on that day, confirmed and ratified the minutes of the proceedings of October 9th and 19th; that, having thus obtained control of the " Widows and Orphans' " company, these new trustees, Henry and his associates, caused to be transferred and paid to the " Mutual Protection " company the property and assets of that company, constituting the reserve on the policy obligations, and that therefrom they caused to be paid out, wrongfully and illegally, large sums of money, in various ways particularly set forth and in connection with the fraudulent and illegal plan of October, 1871. It alleged that subsequent to the election held on October 19th, 1871, Henry and his associates suffered and permitted the assets, property, etc., of the " Widows and Orphans' " company to be wasted and misapplied, and the policyholders to be plundered and defrauded; that, by reason of the fraudulent and illegal acts, doings, proceedings, etc., which had been set out, the " Widows and Orphans' " company was completely wrecked and ruined; so that on January 1st, 1872, instead of having a surplus as to its policy obligations, the " Widows and Orphans' " company had a large deficit. It alleged that by reason of the premises the " Widows and Orphans' " company, its policyholders and creditors, had sustained damages in the sum of $400,000 and upwards, and prayed judgment decreeing the defendants' intestate to be chargeable, as a trustee of the " Widows and Orphans' " company, and adjudging that he should account for the property and assets of that company. The only defense in the answer which need be referred to, inasmuch as it presents the only question to be considered upon this appeal, is that the cause of action did

not accrue within six years before the commencement of this action.

The trial court found, among other things, that the defendant Henry was liable under the proofs, and directed judgment against him for the amount due to the creditors and policyholders. He found as facts, that the misappropriation of funds and the acts, which constituted the cause of action herein, accrued in November, 1871; that the business of the "Widows and Orphans'" company was, in fact, abandoned on or about the 18th of June, 1872, and that this action was instituted in April, 1879. Upon appeal from the judgment, so recovered by the plaintiff against the defendant, the latter appealed to the General Term of the Supreme Court, in the first department; where a reversal of the judgment and a new trial of the action were ordered. The plaintiff thereupon appealed to this court, giving the usual stipulation for judgment absolute in case of affirmance.

*William C. Trull* and *Raphael J. Moses* for appellant. The illegality of the transactions set forth in the complaint is conceded, but if questioned they are supported by positive adjudications upon the same state of facts as these now presented to the court. (*Pierson* v. *McCurdy*, 33 Hun 522; *Pierson* v. *Morgan*, 20 Abb. [N. C.] 421; *Pierson* v. *Cronk*, 13 N. Y. Supp. 845; *Mason* v. *Cronk*, 125 N. Y. 496; *Meade* v. *St. Louis*, 51 How. Pr. 1; *Smith* v. *St. M. L. Ins. Co.*, 7 Tenn. Ch. 727; *People* v. *E. M. L. Ins. Co.*, 92 N. Y. 105; *Wardell* v. *R. R. Co.*, 103 U. S. 658; *Beers* v. *N. Y. L. Ins. Co.*, 20 N. Y. Supp. 788.) The plea of the six years' clause of the Statute of Limitations should have been overruled. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Pierson* v. *Cronk*, 13 N. Y. Supp. 845; *Pierson* v. *Morgan*, 20 Abb. [N. C.] 428; *Sands* v. *Kimbark*, 27 N. Y. 148; *Bartlett* v. *Drew*, 57 N. Y. 587; *Hastings* v. *Drew*, 76 N. Y. 9; *Sanger* v. *Upton*, 91 U. S. 56–60; 2 Story's Eq. Juris. 485; 1 Perry on Trusts, 299, § 242; Hill on Trustees, 172; Willard's Eq. Juris. 610; *Butts* v. *Wood*. 37 N. Y. 318; *Bliss*

v. *Matteson*, 45 N. Y. 22–26; *Robinson* v. *Smith*, 3 Paige, 223.) The judgment in this action being confined to the liability for unlawful withdrawal of capital stock no Statute of Limitations can be a bar. (1 R. S. art. 1, chap. 18, tit. 2, § 1; L. 1853, ch. 463.) Even if the six years' clause of the Statute of Limitations applies to the cause of action set forth in the complaint and established upon the trial, the action was brought in ample time. (*Mason* v. *Cronk*, 125 N. Y. 504; *Beach* v. *H. M. L. Ins. Co.*, 47 Hun, 210.) There is no finding of fact or of law upon which the claim that this action is barred by the six years' Statute of Limitations can be supported. (*Baker* v. *Lever*, 67 N. Y. 304; *King* v. *Bloodgood*, 7 Johns. Ch. 122; *Bailey* v. *Glover*, 21 Wall. 342.) The opinion of the General Term is based on the proposition that the plaintiff had concurrent remedies at law and in equity, the legal remedy being as effectual as the one in equity. This is error. (*People* v. *G. M. L. Ins. Co.*, 91 N. Y. 174.) The opinion of the General Term and its entire reasoning is based upon the mistaken assumption that this action was brought by the receiver solely as the representative of the corporation. (*O'Brien* v. *Fitzgerald*, 143 N. Y. 382.)

*Thorndike Saunders* for respondents. This action is barred by the Statute of Limitations. (Code Civ. Pro. § 414; *Butler* v. *Johnson*, 111 N. Y. 204; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *Hun* v. *Carey*, 82 N. Y. 65; Angell & Ames on Corp. §§ 312, 314; Story's Eq. Juris. §§ 1285, 1286; Morawetz on Corp. §§ 523, 525, 550, 562; *Atty.-Gen.* v. *G. M. L. Ins. Co.*, 77 N. Y. 276; *Hubbell* v. *Medbury*, 53 N. Y. 102.) There is no ground for the reversal of the General Term judgment. (Morawetz on Corp. §§ 523, 565, 787, 794, 796, 867, 868; *Ettlinger* v. *Schumaker*, 142 N. Y. 189; *Hubbell* v. *Medbury*, 53 N. Y. 102; *Greaves* v. *Gouge*, 69 N. Y. 157; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 193; *Porter* v. *Sabin*, 149 U. S. 470; *People* v. *G. M. L. Ins. Co.*, 91 N. Y. 180; *People* v. *S. L. Ins. & A. Co.*, 78 N. Y. 114; *Billings* v. *Robinson*, 94 N. Y. 415; *Atty.-Gen.* v. *G. M. L. Ins. Co.*, 77 N. Y. 272.)

GRAY, J.   The reversal of the judgment by the General Term was upon the ground that the action was barred by the Statute of Limitations, which was in operation at the time of its commencement, and upon this appeal the only question, argued or presented, is the correctness of that proposition.

As the action was commenced in April, 1879, it came under subdivision 3 of section 414 of chapter 4 of the Code of Civil Procedure, which excepts from its provisions the case of an action commenced before the expiration of two years after the act took effect; which was on September 1st, 1877.   Section 91 of the former Code is alone applicable to this case.   That section prescribed a limitation of six years for "an action upon a contract, obligation, or liability, express or implied, etc." (Subdiv. 1); or for "an action for relief on the ground of fraud, in cases which heretofore were solely cognizable by the Court of Chancery ; the cause of action in such cases not to be deemed to have accrued, until the discovery by the aggrieved party of the facts constituting the fraud" (Subdiv. 6).   The larger limitation of ten years, prescribed by section 97 of the former Code, does not apply ; inasmuch as that was for the case of "an action for relief, not hereinbefore provided for." The claim, which the receiver has sought to enforce in the present action, is comprehended within the provisions of subdivision 1 of section 91 ; for it rests upon the liability of the defendant Henry to make good the loss occasioned to the "Widows and Orphans'" company by the wrongful and illegal doings of himself and his associates while in the direction of its affairs.   Upon the facts stated in the complaint the receiver, as the representative of the corporation, might have sued the defendant in the form of an action at law for the damages resulting from his misconduct; or in the present form, which he has adopted, of an equitable action to compel an accounting as to the property wasted and lost.   It was said, in the case of *O'Brien* v. *Fitzgerald* (143 N. Y. 377), that, "the facts as pleaded show a perfect cause of action at law in favor of the receivers as representatives of the bank against the directors for misconduct resulting in loss.   The actual and real rela-

tion between them and the corporation is that of agents acting
for their principal, (*Hun* v. *Cary*, 82 N. Y. 65), and the direct-
ors may be sued at law for any damages caused by their
culpable misfeasance or non-feasance." Under the old sys-
tems of law and equity, the two courts had concurrent juris-
diction over such a cause of action and if the bar of the stat-
ute operated at law, it was equally effective in equity. It was
held in *Butler* v. *Johnson* (111 N. Y. 204), with reference to
the limitation of time for the commencement of actions before
the adoption of the present Code, that the words " obligation,
or liability, express or implied" meant to include an action
which might formerly have been prosecuted in either court,
upon or by reason of such obligation, and where the remedy
would have been adequate in either. "If the form of the
remedy chosen," as it was there said, "were such as would
formerly have been cognizable in chancery, yet the limitation
applicable to the remedy at law would apply." The *Brincker-
hoff Cases* (99 N. Y. 185), which are referred to by the appel-
lant, do not apply to the present case; because they came
under the operation of the present Code of Civil Procedure,
which uses very different language in prescribing the limitation
of time for the commencement of actions. In section 382 of
the present Code the language of subdivision one is so changed
as to refer to "an action upon a contract obligation or liability,
express or implied; " that is to say, where the previous statute
had reference to an action upon either a contract, or an obliga-
tion, or a liability, the present statute refers to an action upon
an obligation or liability founded upon contract. The effect
of the changes made by the present Code would clearly seem
to be to bring an equitable action, which seeks a judgment for
an accounting as against directors or trustees, who have been
unfaithful to, or neglectful of, their duties as such, and com-
pelling them to make good, personally, the losses sustained to
the corporation, within the provisions of section 388; where
the limitation of time, for an action not especially prescribed,
is ten years.

The jurisdiction of the courts of law and of chancery hav-

ing been concurrent, with respect to this plaintiff's cause of action, the lapse of six years, between the time when the misappropriation of the funds and the acts complained of took place and the commencement of the action, was a complete bar to its maintenance. The plaintiff's case cannot be helped out by the provision in subdivision 6 of section 91 of the former Code, that the cause of action should not be deemed to have accrued until the discovery of the fraud ; inasmuch as that provision had reference to cases " solely cognizable by the court of chancery." The case of *Foot* v. *Farrington*, (41 N. Y. 164), was an action by one partner against another to require the defendant to account with reference to his dealings and transactions in respect to the partnership ; where it was charged that a fraud had been perpetrated upon the plaintiff through misrepresentations and concealments. The effect of subdivision one of section 91 of the former Code was carefully considered and the action was held to have been barred, because not " commenced within six years from the time when the cause of it actually arose." It was held that the cause of action arose out of a liability, express or implied, within the meaning of those terms as they were made use of in the subdivision of the section. It was said by Judge DANIELS, delivering one of the opinions of the court, that " the right to bring the suit in the form which was given to it, accrued when the fraud was perpetrated ; for the damages resulting from it were all sustained at that time. And for that reason, the statute, prescribing the time within which the action for that purpose should be brought, then became applicable to the cause of action that had then accrued, within the plain meaning of the law, even though it was not known to the person entitled to enforce it against the defendant." It was also held in that case that the action was not one for relief, within the meaning of section 97 ; as that section was only applicable to such cases of that nature as had not been previously provided for.

It is argued, however, by the appellant that the policy-holders, to the extent of the reserve, were the equitable owners

of all the assets of the " Widows and Orphans' " company and that, upon the dissolution of the company, they had the right to enforce their equitable interests in the reserve and that right the receiver represented. The cause of action, it is said, is purely equitable in its character and the receiver represents the policyholders and their interests in prosecuting it. That proposition, however, is not altogether correct. The receiver of an insolvent corporation represents the corporation, which was the custodian of the property and assets for the benefit of the stockholders and creditors, and he, also, represents those creditors and stockholders. In the case of an insolvent life insurance company, he is the trustee of, and represents, the creditors and all interested in the fund, including policyholders. (*People ex rel. Atty.-Gen.* v. *Security Life Ins. Co.*, 71 N. Y. 222; 77 N. Y. 272.) Primarily, the receiver stands in the place of the corporation; placed there by the court, in order to preserve its assets and property and to do with them as he may be directed. What rights the corporation possessed and might enforce against its directors or trustees, for misfeasance or non-feasance in office, the receiver possesses. The position of a stockholder or policyholder, in proceeding against the directors or trustees of a corporation, would be quite different with respect to the form of remedy. He could not sue at law, but must sue in equity. His right of action is purely of an equitable character. Where directors or trustees, who are the corporate agents in the transaction of the corporate business, have committed the wrongful or illegal acts from which injury will accrue, or has accrued, to the corporate property and assets, a court of equity will entertain jurisdiction of a suit by a stockholder, or policyholder, in his own name, to obtain that relief which the corporation might have sued for itself. But the argument made use of by the appellant in this respect cannot be of any avail, in any light. Because, if it were possible to regard this action as one brought by the receiver exclusively in the character of a trustee for and representing the policyholders, it would still be subject to the six years' limitation prescribed by

68

the statute in force at the time of its commencement. There would be no room for the argument that the cause of action accrued only upon the appointment of the receiver. The complaint alleges that the " Widows and Orphans' " company was " completely wrecked and ruined " on the first day of January, 1872, by reason of the fraudulent and illegal acts, which had been done by the defendant and his associate trustees, in November, 1871 ; whereby the assets and property of the company had been wasted and misapplied in the ways alleged and which, according to the findings in the case, consisted in the payments of moneys from the reserve of the company, in execution of the fraudulent scheme described, to the amount of $282,122.72, for the purchase of the " Widows and Orphans' " stock ; for the repayment of moneys borrowed to purchase the stock ; for the negotiation of the sale of the stock ; for commissions for negotiating reinsurance contracts ; for account of current expenses of the Mutual Protection Company and as dividends on the " Widows and Orphans' " stock, the company being insolvent. It is obvious that the injury, which the plaintiff complains of as accruing to the policyholders, was the misapplication of the reserve moneys to the purposes specified ; whereby, upon the appointment of the receiver, the assets of the company were insufficient to meet its liabilities to its policyholders, to the extent of the sum for which judgment was ordered in this case. This case is not at all like the one of *Mason* v. *Cronk* (125 N. Y. 496) ; which was an action upon a guaranty, made by the president of the Mutual Protection Company and others to protect the contract obligations entered into by the " Widows and Orphans' " company with its policyholders. That guaranty, upon the insolvency of the " Widows and Orphans' " company and the appointment of a receiver of its property, became an asset in the latter's hands ; altogether a different claim from the one in the present action.

The only other point, which, it is necessary to notice upon this appeal, is that which is made by the appellant, that there is no finding of fact, or of law, upon which the claim that this

action is barred by the six years' Statute of Limitations can be supported. The appellant argues that the burden was upon the defendants, who interposed the defense of the statute, to show that the action was not commenced within six years after the cause of action accrued and, as it would not accrue until the discovery of the fraud, a finding was necessary, to help out the defense that such a discovery was made prior to the appointment of the receiver in March, 1877. The provision of the former Code, that the cause of action should not be deemed to have accrued until the discovery of the fraud, was, however, only applicable to cases theretofore solely cognizable in Chancery. But the answer to the point made by the appellant is that, as the answer sets up the Statute of Limitations, the burden was thereby cast upon the plaintiff of proving that the fraud was not discovered, until within six years of the commencement of the action. If this were not so, the defendant would have to prove a knowledge in the plaintiff, which, in most cases, would be impossible. The burden of showing that the running of the statute had been arrested ought to be upon the plaintiff; as was the rule in equity. A carefully considered opinion in *Baldwin* v. *Martin*, (14 Abb. [N. S.] 9), discusses this question quite thoroughly. In the complaint in the present case, it appears upon its face that more than six years had elapsed since the misapplication of the funds of the "Widows and Orphans" reserve occurred. When the answer made the special plea of the Statute of Limitations, it became incumbent upon the plaintiff to repel the presumption of the action being barred, by showing matter in avoidance. The burden was upon the plaintiff to show in what way the running of the statute had been suspended.

The views expressed lead to the conclusion that the order appealed from should be affirmed and that judgment absolute should be ordered against the plaintiff pursuant to his stipulation.

All concur.

Order affirmed and judgment accordingly.