Cyrus W. Davis et al. *vs.* Wellington T. Reynolds.

Kennebec.    Opinion September 2, 1910.

*Fraud.    False Representations.    Sale of Real Estate.*

In order to be actionable, a false representation in the sale of real estate must be a determining ground of the transaction.

Representations as to the value of real estate or the price for which it can be sold, or that a third person will shortly purchase it for a certain sum are but expressions of opinion which are not actionable.

The statement of a vendor of real estate that a third person has paid or will pay a certain sum for an undivided interest in the property is not actionable.

On exceptions by defendant.    Sustained.

Action on the case to recover damages for alleged fraudulent misrepresentations in the sale of certain real estate in Somerset County.    At the return term of the writ, the defendant filed a general demurrer which was joined by the plaintiffs.    The demurrer was overruled and the defendant excepted.

The case is stated in the opinion.

*Pattangall & Plumstead*, for plaintiffs.

*Heath & Andrews*, for defendant.

Sitting :   Emery, C. J., Peabody, Spear, King, Bird, JJ.

Bird, J.    This action on the case is brought by plaintiffs to recover damages for alleged fraudulent misrepresentations in the sale of real estate.    To the declaration defendant demurred and the case is here upon exceptions to the pro forma ruling of the court below overruling the demurrer.

The declaration alleges that defendant on the first day of September, 1903, owning an interest in a bond for the conveyance of a

certain mill and timber land, employed one Frank R. Reynolds to falsely and fraudulently represent to plaintiffs that he, said Frank R. Reynolds, owned a bond for the conveyance of said mill and timber land and that they could be purchased for $52,000, that the mill and land were worth and would then sell for a sum of money largely in excess of $52,000 and that he, said Frank R. Reynolds, knew of a customer who would shortly purchase said mill and timber land and pay largely in excess of $52,000 therefor; that said Frank R. Reynolds, being the agent of the defendant and at his instance and request, made to the plaintiffs the representations he was so employed to make by the defendant; that the plaintiffs not knowing the representations so made to be false. but relying upon and believing them to be true, offered to purchase a two-thirds interest in the mill and land and pay two-thirds of the price of $52,000 provided Frank R. Reynolds would purchase the other third and become with them tenant in common in the property; that Frank R. Reynolds then informed defendant of the offer of the plaintiffs, "whereupon the said defendant, knowing that said mill and timber land were not worth said fifty-two thousand dollars, and intending to deceive the plaintiffs as to the actual value of said mill and timber land, then and there agreed to loan to the said Frank R. Reynolds nine thousand dollars on his promissory note, with which to effect a purchase of a one third interest in said mill and timber land, and after said purchase should be effected, to give him back his said promissory note without compensation therefor, and then and there meaning and intending to deceive the said plaintiffs as to the actual value of said timber land and mill, the said defendant then and there employed the said Frank R. Reynolds to represent to the said plaintiffs that he, the said Frank R. Reynolds, would purchase one third interest in said mill and timber land with the said plaintiffs and pay therefor one third of said purchase price of fifty-two thousand dollars," meaning and intending that plaintiffs should believe that Frank R. Reynolds was furnishing said $9000.00 from his own estate and knowing the same to be false; that defendant procured for Frank R. Reynolds upon his note the sum of $9000 which Frank R. Reynolds paid in as a part of the purchase price of

his one-third interest in the mill and land; that the note was returned to the maker without payment by him; that the representation made as to value, as to customers and the price offered by the latter were false to the knowledge of defendant and were relied upon and believed to be true by plaintiffs; that the plaintiffs did not know that Frank R. Reynolds did not furnish said $9000 from his own estate but believed he did; that believing and relying upon said statements and representations as to value, alleged customer and price offered by the latter plaintiffs purchased with Frank R. Reynolds the mill and land and paid for their two-thirds interest therein two-thirds of said purchase price of fifty-two thousand dollars, and thereby lost a large sum of money, to wit, the sum of fifteen thousand dollars, which, by reason of the fraud and deceit of the defendant, they seek to recover.

The plaintiffs, in support of their declaration, urge five false representations made by defendant, through his agent, to plaintiffs as their grounds of action :—1, That the agent owned a bond for the conveyance of the real estate; 2, That the real estate could be purchased for $52,000; 3, That the real estate was worth and would then sell for a sum of money largely in excess of $52,000 ; 4, That he, the agent, knew of a customer who would shortly purchase the real estate and pay largely in excess of $52,000 therefor ; and 5, That the agent would purchase one-third interest in the real estate paying therefor one-third of $52,000, when in fact he paid $9000 less than one-third of $52,000.

The first allegation, to the effect that the agent owned a bond for the conveyance of the real estate in question is not catagorically denied to be true but, waiving that, the declaration contains no allegation that the plaintiffs were induced by the representation to make the purchase or relied upon it in so doing ; *Long* v. *Woodman,* 58 Maine, 49, 52. It does not appear from the declaration that this alleged false representation was "a determining ground of the transaction," nor do the plaintiffs allege any defect of title.

The second, third and fourth allegations are practically of the same character and may be considered together. Under the

decisions of this court, neither is a ground of action: The second allegation is not false as the declaration shows that the real estate was purchased for $52,000 or less. The third and fourth are but expressions of opinion, or merely dealer's talk. *Bishop* v. *Small*, 63 Maine, 12, 13; *Thompson* v. *Phoenix Ins. Co.*, 75 Maine, 55, 61; *Holbrook* v. *Conner*, 60 Maine, 57,6.

As to the fifth ground there is no allegation that defendant either directly or through his agent ever stated to plaintiffs that the agent had paid or would pay one-third of $52,000 for one-third of the mill and land. Assuming it communcated to plaintiffs, it is a representation as to either an existent fact or a future event. If the former, it was a representation of the party, against whom the action is brought, the vendor (not a third person) that a certain price had been paid for an undivided interest in the property; if the latter, it was promissory—an expression of an expectation. In neither event is the representation actionable: *Holbrook* v. *Connor*, ubi supra; *Long* v. *Woodman*, ubi supra.

*Exceptions sustained.*
*Demurrer sustained.*
*Declaration adjudged bad.*