STOCKHAUSEN, Appellant, vs. OEHLER and others, Respondents.

*December 12, 1924—March 10, 1925.*

*Equity: Rescission: When action lies: Fraud in exchange of lands: Delay in offering to restore status quo: Right to jury trial.*

1. One seeking an equitable rescission of a contract must show a willingness to do equity and offer to restore the *status quo,* and must have acted with reasonable promptness or he may be held to have waived the right to a rescission.  p. 280.
2. The constitutional right to a jury trial cannot, under the rule that equity having assumed jurisdiction will retain it, be defeated by the mere allegation of an equitable cause of action which, to the knowledge of the plaintiff, did not exist when the action was commenced.  p. 280.
3. To warrant equity in retaining jurisdiction once assumed and in granting legal relief, it is essential that the following conditions exist: (1) that an equitable cause of action growing out of a transaction prior to the commencement of the action exists; (2) that the equitable action was commenced in good faith; (3) that it subsequently appear that equitable relief cannot be had or is impracticable; (4) that the constitutional

right of trial by jury will not be denied; and (5) that the ends of justice will be best subserved by retaining the cause for final determination.   p. 281.

4. One who purchased a farm in December, 1920, raised a crop in 1921, and, being unable to meet interest payments on a mortgage which he had assumed, submitted to foreclosure, and during the redemption period raised another crop, is *held* to have waived any equitable cause of action based on alleged fraudulent misrepresentations as to the value of the farm by delaying to offer to restore the *status quo* so far as possible while it was within his power to do so.   p. 281.

5. The constitutional guaranty of the right to a jury trial relates to the right as it existed in the territory of Wisconsin at the time of the adoption of the constitution.   p. 283.

APPEAL from a judgment of the circuit court for Dunn county: GEORGE THOMPSON, Circuit Judge.   *Affirmed.*

This is an appeal from a judgment dismissing the action for rescission of contract for sale and exchange of real estate.

The appellant assigns as errors: The holding of the court that the plaintiff waived his right to rescission; the failure of the court to enter judgment in favor of the plaintiff on his findings of fact; in finding, as a part of finding number 7, that, aside from fraudulently misleading the plaintiff, no misrepresentations were made by defendants; and in finding, as a part of finding number 7, that the defendants did not conspire to defraud the plaintiff.

For the appellant there was a brief by *Lehner & Lehner* of Princeton and *Otto P. Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

*Roy P. Wilcox* of Eau Claire, for the respondents.

The following opinion was filed January 13, 1925:

CROWNHART, J.   The complaint in the action sought equitable relief by rescission of contract for sale and exchange of real estate, entered into between the parties, on the ground that said contract was secured from the plaintiff

by fraud and conspiracy on the part of defendants. The cause was tried before the court without a jury, and at the conclusion of the trial the court made findings of fact and conclusions of law resulting in a dismissal of the complaint.

An examination of the findings, which seem to be fully supported by the evidence, discloses that the plaintiff employed as his agent the defendant *Finnegan,* who was located at Sheboygan, Wisconsin, to sell or exchange plaintiff's real estate, located at Sherwood, Wisconsin, and that *Finnegan* entered into negotiations with the defendants *Oehler* and *Guenther* for the exchange of plaintiff's real estate for real estate of the defendants *Oehler* and *Guenther,* a farm located in Dunn county. During the negotiations the plaintiff and his agent, *Finnegan,* went to Dunn county and viewed the property of the defendants and examined the same, and thereafter returned to Sheboygan and completed the exchange of properties in December, 1920. The plaintiff delivered possession of his property to the defendants *Oehler* and *Guenther,* and on January 18, 1921, moved onto and took possession of the Dunn county farm. He lived continuously on such farm until December 2, 1922, having full knowledge of all the facts of which he alleged misrepresentation as to said farm by the defendants, and without ever raising any question as to the fairness of the transaction or making any attempt to rescind the exchange of properties. On December 2, 1922, he served notice of rescission on the defendants *Oehler* and *Guenther,* but in the meantime the mortgagee had foreclosed the mortgage on said premises, which the plaintiff had assumed in the exchange, and the period of redemption would expire within ten days from that time. Also, the defendants *Oehler* and *Guenther* had in the meantime, and on January 23, 1921, sold the property which they had obtained in exchange for the farm, and said property had been resold by the vendee thereof on March 28, 1922, both sales being made in good faith and for value.

From these facts the court deduced the tenth finding, to wit:

"That the failure of the plaintiff to make any complaint to any of the defendants as to the Dunn county farm, or the price at which it was exchanged, or to tender any rescission of said exchange until December 2, 1922, when he had full knowledge of all the facts in respect thereto during the years 1921 and 1922, was an unreasonable delay in asserting the claims set forth in plaintiff's complaint, and constituted a waiver by the plaintiff of any and all rights, which he may have had, to rescind the exchange of properties."

It is the contention of the plaintiff that, the court having assumed jurisdiction in equity to try the action, it should retain jurisdiction notwithstanding the parties had put it without their power to return to the *status quo* prior to the commencement of the action,—this on the well-known equitable principle that equity having acquired jurisdiction will retain a cause to give full relief. While this is a general principle in equity jurisdiction, there are other equitable principles to be applied. One who seeks equity must do equity. In an action for rescission plaintiff must show a willingness to do equity. He must offer to restore the *status quo* so far as possible. He must act with reasonable promptness, and if he does not act promptly, and because of his lack of diligence he is unable to restore the property he received in the transaction, he may be held to have waived his right to rescission. Equity affords relief not to the negligent or indifferent but to the vigilant. *Barndt v. Frederick,* 78 Wis. 1, 6, 47 N. W. 6; *Jacobsen v. Whitely,* 138 Wis. 434, 441, 120 N. W. 285; *Baker v. Becker,* 153 Wis. 369, 381, 141 N. W. 304. There is also a correlative principle of law, constitutionally established, and that is, in an action at law the parties are entitled to a jury trial. A jury trial cannot be defeated by the mere allegation of an equitable cause of action, when as a matter of fact the equitable cause of action did not exist at the time of the commencement of

the action, to the full knowledge of the plaintiff. To permit such an action to proceed, and the court to grant legal relief therein, would be to deprive the defendant of his right of trial by jury by mere circumvention.

This court had the subject before it in *McLennan v. Church,* 163 Wis. 411, 158 N. W. 73, and the rule there laid down may be stated as follows: Where, in an action in equity, it develops on the trial that equitable relief cannot be had, or it is impracticable to grant equitable relief, the court will retain jurisdiction to grant legal relief only where the following conditions concur: (1) There must have existed an equitable cause of action growing out of the transaction prior to the commencement of the action; (2) the equitable action must have been commenced in good faith to secure equitable relief; (3) it must subsequently appear that such equitable relief cannot be had or that it is impracticable; (4) that the constitutional right of trial by jury will not be denied by retaining the action and granting legal relief; and (5) that the ends of justice will be best subserved by retaining the cause for final determination. This we think is the position of the great weight of the authorities. 1 Pomeroy, Eq. Jur. (4th ed.) §§ 237, 238, and cases cited.

In the instant case such conditions did not concur according to the findings of the court. There was originally an equitable cause of action, but the court may well have doubted that the action in equity, when commenced, was in good faith; the fact that substantial equitable relief could not be had must have been known to plaintiff when the action was commenced; the constitutional right of trial by jury of the legal cause of action would have been denied if the court had retained the action for legal relief; and, finally, we think the court was right in holding that the plaintiff had waived the equitable cause of action for rescission by his delay in offering to restore the *status quo* so far as possible, while it was within his power to do so.

Plaintiff's main reliance to secure rescission is based on fraudulent misrepresentations as to the value of the farm which he received. This in turn is based upon the claim that he was misled as to the fertility and productivity of the soil. He went onto the farm in January, 1921. He had, prior to the exchange of the property, made an examination of the farm in December, but it is claimed that at that time the condition of the weather made it impossible to determine the character of the soil. That may be so, but the character of the soil could be determined early in the spring of that year, and its productivity was determined during the summer season. At the end of that season he had all the knowledge that a man could obtain by observation and experience as to the character of the soil. He took the farm subject to a mortgage of $10,000. He was unable to meet the interest payments and foreclosure was threatened. He ascertained that he would have a period of redemption after the foreclosure, and decided to stay on the farm and get what he could out of it during such period, and did stay on the farm through the next crop season. He made no claim for rescission—made no claim of fraud or misrepresentation against the defendants, but continued to stay on the farm and work it until the mortgage had been foreclosed and within ten days of the period of redemption. He then served notice of rescission on December 2, 1922, but did not commence his action for rescission until the May following.

In the *McLennan Case, supra,* the court speaks of the fact that the practice of granting relief "in the interest of a speedy and economical settlement of controversy has been so progressive that it can no longer be properly said that where the facts of a case warrant only legal relief and were known to the plaintiff when he commenced his action for equitable relief, the court will not, should not, or cannot afford the former." But the court there carefully pointed out, as we have shown, the limits of that progress. Our constitution provides that the right of trial by jury shall

remain inviolate.     And this court has held that that provision means the right of jury trial as it existed in the territory of Wisconsin at the time of the adoption of the constitution.     *La Bowe v. Balthazor,* 180 Wis. 419, 193 N. W. 244.     No progress in the law can be made by the courts beyond the limits of the constitution, and none was intended by the language quoted.     In some of the authorities from other states it will be found that statutes have extended equity jurisdiction beyond the limits permissible under our constitution, and in some cases the courts, not restrained as here, have progressed in a similar degree in extending equity jurisdiction.

We do not construe the opinion in *Mueller v. Michels,* 184 Wis. 324, 197 N. W. 201, 199 N. W. 380, upon which plaintiff's counsel rely, as applied to the facts of that case to be contrary to anything here said.

We do not fail to note plaintiff's claim that defendants *Oehler* and *Guenther* hold a second mortgage on the Dunn county farm, given them by plaintiff as part consideration in the exchange of properties, which plaintiff asked to have canceled.     This mortgage was worthless, and plaintiff's rights might be fully protected in a legal action.

The findings of fact of the trial court disclose no cause of action, legal or equitable, against defendant *Finnegan,* and such findings are fully sustained by the evidence.     The judgment as to defendant *Finnegan* should stand as final.

*By the Court.*—The judgment of the circuit court is affirmed on the merits as to the defendant *Finnegan,* and is affirmed as to defendants *Oehler* and *Guenther* without prejudice to the plaintiff to bring such legal proceedings as may be proper to recover any damages he sustained by reason of such exchange of properties.

A motion for a rehearing was denied, with $25 costs, on March 10, 1925.