WEBER, Respondent, vs. MYHRE, Appellant.

*October 12—November 9, 1926.*

*Sales: Rescission because of fraud: Inability to restore status quo: Action for damages: Representation by seller of stock of goods that lease to store could be obtained.*

1. An action for the rescission of a contract of sale of a stock of goods for fraud will not lie where the buyer was unable to make restoration at the time of the offer of rescission or at the time the action was brought. p. 267.
2. A complaint will not be demurrable if it states facts sufficient to make a cause of action, simply because the plaintiff has demanded relief to which he is not entitled. p. 267.
3. If either party to a contract of sale had, at the time the contract was entered into, an undisclosed intention not to carry out or attempt to carry out his part of the contract, the sale may be set aside as fraudulent. p. 267.

4. An allegation in a complaint in an action by the buyer of a stock of goods for rescission that the seller made false representations whereby the buyer was induced to enter into a contract, and that defendant had no intention of carrying out the contract, is *held* to state a cause of action in fraud or deceit.    p. 268.

5. Where the seller knew that the buyer would not purchase the stock of goods unless a lease of store premises was renewed, his representations that the landlord had promised to renew the lease and that the lease had been duly prepared do not relate to future promises, but are statements as to existing facts.    p. 268.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge.    *Affirmed.*

This is an appeal from an order overruling the demurrer of the defendant to plaintiff's complaint.

Action for damages for fraudulent inducement to the plaintiff by the defendant to enter into a contract to purchase a certain stock of drugs and fixtures.    The plaintiff alleged rescission of contract, and seeks recovery of the purchase price.

The plaintiff claims that in June, 1922, he purchased from the defendant a stock of merchandise consisting principally of drugs, with the fixtures, and drug business, at 483 Grove street, Milwaukee, which was chiefly valuable for its location and the good will of the business as established at that location.    The purchase price was $5,000.    The complaint then alleges that, as an inducement to the plaintiff to purchase the goods, the defendant fraudulently represented that the defendant would procure a lease from defendant's landlord, in favor of the plaintiff as lessor, for a period of five years, on the same terms and conditions as the then lease held by the defendant, with an option of renewal of the lease for a further five-year term.    The complaint alleges that the defendant represented to the plaintiff that he had seen the owner of the premises, and that the defendant

represented to the plaintiff that the owner had promised to give such lease; that thereupon the plaintiff informed the defendant that he would not purchase the business without such lease, and again the defendant represented that he had talked with the owner and the owner had promised to give such a lease upon the exact terms as the lease he then had; that defendant advised the plaintiff not to confer with the owner, for the reason that the owner might wish to increase the rental if he knew that the plaintiff was buying the business; that thereafter, as a further inducement to the plaintiff to enter into the purchase of the business, the defendant stated that the written lease had been duly prepared, ready for execution, and that the owner was ready and willing to execute the lease, and further represented that he would obtain the lease as soon as the purchase was completed.

These statements of facts, and all of them, were alleged to be false and fraudulent, and made for the sole purpose of inducing the plaintiff to purchase the business. It is further alleged that the plaintiff relied upon such fraudulent representations and purchased the business, and that but for such fraudulent representations he would not have made the purchase.

After the plaintiff had purchased the business the owner refused to execute the lease, and the plaintiff was obliged to give up the location and store the goods. He served notice of rescission of the contract, offering to restore the goods to the defendant, but the defendant refused to accept the same. He thereupon sought, as best he could, to preserve the property by storing the goods until he could find another location. Afterwards he found another location and sold a part of the stock, replenishing the same with new goods from time to time. He held the stock in trade for the benefit of the defendant, and at the commencement

of this action offered to return it to the defendant, making full account for any goods sold which had not been replenished.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The defendant maintains that the fraudulent representations set out in the complaint were promises as to future action and not statements of fact, and further, that the use and disposition made of the stock of goods by the plaintiff after attempted rescission of the sale precluded him from maintaining the action. The court overruled the demurrer, and defendant appealed.

The cause was submitted for the appellant on the briefs of *Hoyt, Bender, McIntyre & Hoyt,* attorneys, and *Clarence G. Ehrle* and *Werner J. Trimborn,* of counsel, all of Milwaukee, and for the respondent on that of *John H. Schlintz,* attorney, and *Walter D. Corrigan,* of counsel, both of Milwaukee.

CROWNHART, J. The plaintiff brings this action for rescission of the contract by which the plaintiff purchased of the defendant a stock of drugs, which contract was entered into in reliance upon certain false and fraudulent representations of the defendant. It appears that the plaintiff paid the purchase price and entered into the premises and conducted the business for a couple of months before he discovered the false representations. Upon such discovery he notified the defendant of his intent to rescind the contract, and demanded the return of the purchase price. The defendant refused to return the purchase price or accept rescission of the contract. Plaintiff's lease expired, and, the landlord refusing to renew the same, he was obliged to store the goods, which he did. Thereafter he sought a new location and removed the goods to the new location, and proceeded to carry on business and make sales from the

stock of goods, replenishing the same by new goods from time to time. Upon the commencement of this action plaintiff offered to return the stock of goods then on hand and make full account for any deficiency.

This court has held in substance that in an action for rescission the complaining party must be in position to make restoration and put the other party *in statu quo*. Manifestly, the plaintiff in this case was not in position to make restoration at the time he offered to rescind the contract, and certainly he was not in position to restore the stock of goods when he brought this action. Therefore, we are of the opinion that the action for rescission will not lie. However, under our liberal system of pleading it has often been held that a complaint will not be demurrable if it states facts sufficient to make a cause of action, simply because the plaintiff has demanded relief to which he is not entitled. *McLennan v. Church,* 163 Wis. 411, 158 N. W. 73; *Lipman v. Manger,* 185 Wis. 63, 71, 200 N. W. 663.

The complaint in this case states a cause of action in fraud or deceit. In the first place, facts are alleged from which it clearly appears that the defendant made false representations and held out false inducements, whereby the plaintiff was induced to enter into the contract to his hurt, and that the defendant had no intention at the time to carry out his part of the contract or attempt to do so. See *German Nat. Bank v. Princeton State Bank,* 128 Wis. 60, 107 N. W. 454, where the court, by Mr. Justice WINSLOW said:

"It is well settled that a sale of property may be set aside as fraudulent either (1) because it was induced by false and fraudulent representations which were relied upon by the seller, or (2) because of the existence of an undisclosed intention not to pay on the part of the buyer. These are two separate and distinct wrongs: the first is complete without intent not to pay, the second is complete

without false representations. Both may be present in a given case, but either is complete and actionable without the other. *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599."

The same rule must hold where the seller instead of the buyer is the guilty party.

Furthermore, it is plain from the complaint that the defendant made false representations of facts which he claimed to then exist, which were an inducement to the contract. This sufficiently stated a cause of action in deceit.

The defendant contends that these false representations were as to a future promise and that they are not sufficient to sustain a cause of action. We think the defendant is in error in this. The defendant represented that he could and would obtain a renewal of the lease which he then had, in favor of the plaintiff, for a five-year term with an option to renew for another period of five years. This, standing in and of itself alone, might be considered a promise in the future, but he did more,—he represented that he had seen the landlord and that the landlord had agreed to such renewal of the lease. Then, when notified that the plaintiff would not purchase without such renewal of the lease, he stated that he had talked with the landlord and that the landlord had promised to renew the lease, and then advised the plaintiff not to confer with the landlord for the reason that the landlord might wish to increase the rental if he knew the plaintiff was buying the business. Thereafter he informed the plaintiff that he had seen the landlord and a written lease had been duly prepared ready for execution, and that the owner was ready and willing to execute such lease. These statements of fact are alleged to be false and fraudulent, and made for the sole purpose of inducing the plaintiff to purchase the stock of goods, and that the plaintiff relied thereon in making such purchase, to his damage.

The defendant relies upon *Legler v. Tyler,* 184 Wis. 238, 199 N. W. 149. That case was quite different from the one before us. There the only false representation of a present fact was the representation that the defendant had a letter from a prospective purchaser offering to buy the premises at a stated price. The court held in substance that the statement with reference to the letter was of an immaterial fact, and therefore not a sufficient allegation of fact to constitute a cause of action in fraud.

We shall not attempt to review the authorities cited from other states, for the reason that we feel the complaint clearly states a cause of action. The demurrer to the complaint was properly overruled.

*By the Court.*—The order of the trial court is affirmed.