WELSH, Respondent, vs. MARKHAM and another, Appellants.

*October 13—November 9, 1926.*

*Limitation of actions: In fraud cases: Where equity and law have concurrent jurisdiction: Rescission: Unaccepted offer: Effect on subsidiary contracts: Pleading: Construction on demurrer.*

1. Courts of law and courts of equity have concurrent jurisdiction of a cause of action based on fraud, and such an action falls within the six-year statute of limitations. p. 312.
2. If the complaint in such an action states facts showing a cause of action at law on a contract sought to be rescinded, the court will disregard the prayer for equitable relief and give the plaintiff the appropriate remedy in law. p. 312.
3. A complaint which shows, when given every reasonable inference, that plaintiffs are entitled to some relief within the power of the court to grant, is not subject to a general demurrer. p. 312.
4. The complaint in an action to rescind a contract to purchase a note and mortgage and to recover damages for fraud is construed to show a mere unaccepted offer by plaintiff to rescind and .a demand for the return of the price, not a rescission working a rescission of the defendant's subsidiary contract to pay taxes, insurance premiums, etc. p. 313.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer of the defendants to the plaintiff's complaint.

The complaint alleges that the plaintiff purchased a promissory note and real-estate mortgage securing such note from the defendants in 1917. Accompanying the note and mortgage was a written contract from the defendant corporation to the plaintiff, whereby the defendant corporation covenanted and guaranteed that the mortgagor had good title to the property; that the defendant would make collection of the principal and interest for the plaintiff; that it

would cause to be paid all taxes and insurance premiums on the property covered by the mortgage; and that in event of foreclosure being necessary, it would, upon the written request of the plaintiff, foreclose the mortgage without charge.

The complaint further alleges that the defendant *Markham* represented that the mortgaged premises were worth $4,250; that fifty acres of the land were under cultivation and in crops, and that the security was adequate, whereas in fact the land was not worth more than $800, and not more than thirty acres were under cultivation, and the security was wholly inadequate; that such representations were made knowing them to be false, and the plaintiff was induced thereby to purchase the note and mortgage.

The complaint further alleges that the mortgagor did not pay the taxes for 1921, or thereafter, and did not pay the interest on the note subsequent to 1921; that the defendant corporation did not carry out its agreement in writing to pay the taxes and collect the interest, and the plaintiff was compelled to pay the taxes of 1921 to prevent a tax deed issuing on the property.

The prayer of the complaint is as follows:

"Wherefore, plaintiff prays judgment against both of said defendants, that her agreement to purchase said note and mortgage, and the assignment of the same, be rescinded and set aside, and that she have and recover from both of said defendants judgment for the principal amount of said note and mortgage, together with interest from December 12, 1922, at six per cent. per annum, and for the further sum of $45.35 paid by her to redeem said premises from tax sale, and for such other and further relief as may be just and equitable. . . ."

The defendants demurred to the complaint on the ground that it appears from the face of the complaint that the action was not commenced within the time limited by law, that is to say, within six years after the cause of action accrued.

For the appellants there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish,* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

*George H. Katz* of Milwaukee, for the respondent.

CROWNHART, J.   In *Pietsch v. Wegwart,* 178 Wis. 498, 190 N. W. 616, this court has fully considered the statutes of limitation as applied to actions of this kind.   It is unnecessary to repeat what was there said or to do more than say that the law as there laid down has our full approval. The plaintiff attempted to state an equitable cause of action for rescission of contract and recovery of damages.   The cause of action is based on fraud, and it is a cause of action over which both courts of law and courts of equity have concurrent jurisdiction.   It therefore falls within the six-year statute of limitation.   However, if the complaint states facts which show that the plaintiff has a cause of action at law on the contract, the court will disregard the prayer for equitable relief and give the plaintiff her appropriate remedy in law.

"It is unnecessary to cite authorities for the prevailing rule that if a complaint, giving it every reasonable inference, shows that the plaintiffs are entitled to some relief which the court has the power to grant, it is not subject to a general demurrer." *Lipman v. Manger,* 185 Wis. 63, 71, 200 N. W. 663.

The subsidiary contract to pay taxes, insurance premiums, collect the interest, and foreclose the mortgage when necessary, was not breached until 1921.   Upon the breach of that contract the plaintiff had a cause of action against the defendant corporation for damages, and the six-year statute had not run on that cause of action when this action was begun.   But the defendant answers this contention by saying that the plaintiff rescinded the principal contract, which rescission carried with it the rescission of the subsidiary

contract, and that she cannot now maintain an action upon this subsidiary contract.

The respondent claims that there is alleged a fiduciary relation between the parties which prevented the statute of limitation from running on the equitable cause of action. We are of the opinion that the facts stated are not sufficient to establish a fiduciary relation upon which the respondent can rely.

We think the facts as alleged in the complaint amount to no more than an offer to rescind and a demand for return of the purchase price of the note and mortgage. The offer was not accepted and the demand was refused. The appellants cannot complain on the ground that they refused to comply with the offer and demand of the respondent. *Ludington v. Patton,* 111 Wis. 208, 245, 86 N. W. 571.

*By the Court.*—The order of the circuit court is affirmed.