KETTERER, Respondent, vs. BAY VIEW NASH COMPANY, Appellant.

*February 11—March 8, 1927.*

*Sales: Evidence: Presumptions: That subject matter of sale is new automobile: That used car has relatively lesser value: Rescission for fraud: Offer to restore status quo: Damages.*

1. Judicial notice may be taken that in the sale of an automobile a new rather than a used car may be presumed as intended to be the subject matter of the sale, and of the fact that a secondhand or used automobile has a lesser sale price than a new car. p. 346.

2. A judgment rescinding a contract for the sale of an automobile, in which the buyer traded in another car, for an alleged fraudulent representation by the seller that the car sold was new, and awarding the buyer an amount equal to the purchase price, is erroneous where an unreasonable time elapsed between the sale and the tender back, during which time the buyer used the car and no offer was made by him to restore the seller to substantially the same position that the seller was in at the time of sale.  p. 346.

3. The purchaser of the automobile, though not entitled to a rescission of the contract because there was no offer by him to restore the parties to the condition existing at the time of the sale, may nevertheless recover for the actual damages resulting from the fraud inducing the sale.  p. 347.

Appeal from a judgment of the circuit court for Milwaukee county: August E. Braun, Circuit Judge. *Reversed.*

Both parties were in the automobile business.  May 8, 1925, plaintiff accepted from defendant, in lieu of a car just before that delivered to him pursuant to his order of March 14th, a Nash sedan automobile at an agreed price of $1,290 with accessories for $100 additional (some discount being made from the list price on these).  At that time he paid $265 cash, was given credit of $775 for turning in an automobile, and executed notes for the balance of $350, which were thereafter paid.

This same car had been sold on April 18th to another person who had taken out a license on it and attached the license plates and driven it about fifty-five miles.  The license plates were removed at the time the plaintiff received it and the speedometer registered but seven miles; there was a slight scratch on one of the fenders and the car was dirty, indicating some previous travel.  There was no substantial difference between the price of the car to the plaintiff and that on the first sale, and such first-sale price included the government war tax and $10 moving charge, and these last two items were paid but once by defendant.

The substantial dispute in the testimony was whether the plaintiff was informed on May 8th that this was a used car.

Early in September following, after having driven the car a considerable distance, plaintiff received information to the effect that the car had been previously sold and used, and claims to have then inquired concerning this of an officer of defendant and was then again informed that it was a new car. He claims to have attempted to ascertain more information, but not until January 8 or 9, 1926, by which time he had driven some 2,700 miles, was he satisfied that it had been used prior to his obtaining it, and at that time made tender to defendant of the car, demanding the return of the full purchase price. The return being refused, this action was brought alleging rescission of the contract for the fraud and demanding the purchase price.. Plaintiff continued to use the car. Minor repairs to the car by defendant had been made from time to time prior to January 8th under its guaranty to that effect.

The trial court found, in effect, that to induce plaintiff to purchase the car defendant wilfully, falsely, and fraudulently represented it to be a new car; that it was purchased by plaintiff in reliance upon such representations; that it was a second-hand and used car; that within a reasonable time upon discovering the falsity of such representations plaintiff tendered the car back to defendant and the tender was refused.

As conclusions of law that the sale was null and void and the contract rescinded; that defendant is required to accept the return; and that plaintiff recover $1,390 with interest from the commencement of the action.

From such judgment defendant has appealed.

For the appellant there was a brief by *Rowan, Kalaher & Stoecker* of Milwaukee, and oral argument by *F. J. Rowan*.

*Burton R. Perrigo* of Milwaukee, for the respondent.

ESCHWEILER, J. Assuming that the testimony in the case was sufficient to warrant a finding that the plaintiff was informed by defendant and believed the fact to be that the car

was a new car direct from the factory instead of being a car previously sold to and used by another, nevertheless such a finding affords no proper support for the judgment below.

Although we may take judicial notice that in such a sale a new rather than a used car may be presumed, *prima facie* at least, as intended to be the subject matter of the sale (*Fox v. Boldt,* 172 Wis. 333, 344, 178 N. W. 467, 179 N. W. 1), and of the fact that a second-hand or used car has forthwith a lesser sale price in the market than a new car even though the former be substantially in the same or as good mechanical condition and as fit for actual service and use as a new car fresh from the factory, yet there was no proof offered in this case as to the amount of depreciation in such market value. Other than such depreciation of sale price no actual damage was shown to have been caused to plaintiff by this transaction.

The record discloses, as grounds requiring a reversal of the judgment, the following:

First, there was an unreasonable length of time elapsing between the sale and the tender back; the plaintiff knowing some of the facts putting him on inquiry and having ample opportunity, by the exercise of reasonable diligence, to have learned more of the facts long prior to the time of the tender. We deem it unnecessary to discuss here the evidence in that regard.

Second, there was no offer to restore the defendant to substantially the same position that it was in at the time of the sale. The automobile delivered by plaintiff to defendant as payment to the extent of $775 at the time of the sale had long since been sold by defendant, and plaintiff's demand ignored consideration of the fact that such automobile so exchanged by him at the time was a second-hand car itself and valued at $775 for exchange purposes only.

Third, a very substantial use had been made to plaintiff's evident benefit of this car and a depreciation in its actual

value in the period elapsing between its purchase and its tender back to defendant. But no allowance was made by plaintiff's tender or in the judgment below for such beneficial use of the car to and by plaintiff or its depreciated value.

There was therefore an absence of any such reasonable and proper offer on the part of plaintiff to restore the parties as nearly and fairly as possible to the condition existing at the time of the sale sufficient to warrant the application of the equitable remedy of rescission and the sweeping relief granted below.

For these reasons and upon such decisions as *Weber v. Myhre,* 191 Wis. 263, 210 N. W. 832; *Stockhausen v. Oehler,* 186 Wis. 277, 280, 201 N. W. 823; and *Hall v. Bell,* 143 Wis. 296, 300, 127 N. W. 967, plaintiff should be relegated to a recovery for any actual damages shown to result from the fraud, if any, inducing the sale. The record is barren of evidence which would warrant us in here disposing of the case upon such theory of relief. The judgment as entered being without proper foundation must therefore be reversed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.