FRITSCH, Respondent, vs. KORNELY, Appellant.

*April 6—May 3, 1927.*

*Trial: Action to recover money only: Issue for jury: Fraud.*

An action to recover damages for fraud in inducing plaintiff to
surrender a note and mortgage for stock in a corporation is
*held* to present an issue of fact for the recovery of money
only, so as to entitle defendant to a jury trial, under sec. 270.07,
Stats.

APPEAL from a judgment of the municipal court of Outa-
gamie county: FRED V. HEINEMANN, Acting Judge. *Re-
versed.*

Action to recover damages for alleged fraud in inducing
plaintiff to surrender a note and mortgage on Montana lands
for stock in the Twin City Land Company. Defendant
made a loan of $1,500 for plaintiff secured by a mortgage
on Montana lands. The interest was paid for a time and
thereafter payment was discontinued. On March 6, 1923,
plaintiff went to defendant's office and stated she must have
some interest paid and asked the defendant to have the
mortgage foreclosed, which he promised to do. She gave
him the note, mortgage, abstract of title, and insurance pol-
icy. On September 11, 1923, the defendant represented to
plaintiff that he had secured $75 on the loan and gave her
a check for this amount, and also handed her another paper
which she claims he did not explain to her. She could not
read or write and did not learn the nature of the other paper
handed to her by defendant till May 6, 1924, when she con-
sulted her present attorneys and learned that she had been
given seven shares of Class A stock in the above mentioned
land company in lieu of her note and mortgage. Her at-
torneys demanded the return of the note and mortgage, and
upon a refusal the present action was begun. Plaintiff sets
up the above facts in apt language in her complaint; tenders
in court the stock certificate and $75 received with interest

on same; alleges that defendant converted her note and mortgage, and asks for damages in the sum of $1,500 and interest.

At the beginning of the trial the defendant asked for a jury trial, which was denied, and the court tried the case, found for the plaintiff in the sum of $900 and interest, and entered a judgment accordingly. Defendant appealed.

The cause was submitted for the appellant on the brief of *Bradford & Bradford* of Appleton, and for the respondent on that of *Morgan & Johns* of Appleton.

VINJE, C. J. An issue of fact for the recovery of money only is triable by a jury. Sec. 270.07, Stats. We have just such an issue in this case. Plaintiff claims she was induced to part with her note and mortgage by fraud and asks for a money judgment as damages. She rescinds the alleged agreement by tendering in court what she received, but the only judgment responsive to the allegations of the complaint as well as to the prayer for relief is one for money only. No equitable relief was asked and none could be given. Such a case presented an issue of fact for a jury, and defendant could not be deprived of his right to a jury trial. *Stockhausen v. Oehler,* 186 Wis. 277, 201 N. W. 823.

Defendant urges that the evidence shows he is entitled to a judgment dismissing the complaint upon the merits. There is a sharp conflict in the evidence upon the question of fraud and it presents a jury issue.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.