Oosterwyk, Appellant, vs. Bucholtz and others, Respondents.

*April 11—May 13, 1947.*

*Louis R. Potter* of Milwaukee, for the appellant.

For the respondents there was a brief by *Bender, Trump & McIntyre,* attorneys, and *Kneeland A. Godfrey* of counsel, all of Milwaukee, and oral argument by *Mr. Godfrey.*

FOWLER, J. The plaintiff brings an action which he conceives as and denominates an action in equity to enjoin defendants, members of the police force and police department of the city of Milwaukee, "from forever after asserting" that the plaintiff was "either arrested, imprisoned [or] found guilty as a receiver of stolen property after trial."

The complaint alleges in great detail and with lurid embellishment as to the motives, purpose, and self-glorification of the defendants and possible deportation of the plaintiff as an alien, acts of the defendants against the plaintiff for which the court is asked to grant the plaintiff compensatory and punitory damages for alleged injuries resulting to the plaintiff from those acts. Reduced to its lowest terms of ultimate facts essential to a cause of action for damages the complaint alleges that the defendants caused the plaintiff's arrest without warrant and imprisonment for three days before any criminal complaint was filed or warrant issued, and caused his prosecution and conviction on perjured testimony of knowingly receiving stolen goods.

There is no allegation in the complaint that the defendants threaten to do the things sought to be enjoined, or that they ever have done those things, or that they ever will do those things. In absence of such allegations we do not perceive any ground for the injunctive relief demanded, or for any relief that a court of equity has jurisdiction to grant. It is fundamental

that equity will not enjoin the commission of personal torts; the only torts it will enjoin are those against property or property rights; in all others the legal remedy of recovery of damages is adequate. 4 Pomeroy, Eq. Jur. (5th ed.) secs. 1338, 1347, and equity refuses relief on that ground.

The plaintiff, on the assumption that he is entitled to injunctional relief also asks the court as a court of equity to retain jurisdiction and assess the damages for the injuries that resulted to him from the alleged acts of the defendants. But as no ground for injunctional relief is shown, the court has no equitable jurisdiction to retain, and no jurisdiction to assess damages as a court of equity.

However, this alone does not rule the case in favor of the defendants. The case is before us on appeal from a summary judgment dismissing the complaint. Were it before us on appeal from an order sustaining a demurrer to the complaint, we could not affirm the order merely because the complaint did not state a cause of action in equity, but we would be required to consider whether the complaint stated a cause of action at law. *McIntyre v. Carroll,* 193 Wis. 382, 214 N. W. 366; *Weber v. Myhre,* 191 Wis. 263, 210 N. W. 832; *Welsh v. Markham,* 191 Wis. 310, 210 N. W. 706. For like reason the instant complaint must be considered from the viewpoint whether the facts stated make out an action at law, and if such facts spell out such action, we must then consider whether, on the whole record made on the motion for a summary judgment, a jury question is raised. If no such question is raised, the judgment appealed from must be sustained, although the complaint was conceived as stating an action in equity. The plaintiff, although the case were on the court calendar as an issue for the court to decide, would be entitled on motion to have it transferred to the jury calendar and tried as an issue of fact by the jury. *Gavahan v. Shorewood,* 200 Wis. 429, 228 N. W. 497.

It follows that the case must be considered from the viewpoint whether upon the record on the motion for a summary

judgment the plaintiff has a cause of action at law.   If he has, it must be for false imprisonment or malicious prosecution or both.   *Topolewski v. Plankinton Packing Co.* 143 Wis. 52, 126 N. W. 554.   We assume that a cause of action for false imprisonment existed for causing the arrest of the plaintiff without a warrant and causing him to be imprisoned for three days before a complaint was filed or a warrant issued.   But that cause of action, if it existed as assumed, is out of the picture because by sec. 330.21 (2), Stats., such action must be commenced within two years from the time it accrued, and that statute is by answer pleaded in bar to the action.   The action assumed accrued when the three days' imprisonment terminated, and the complaint shows that it terminated on July 22, 1940.   The present action was commenced December 14, 1943.

The other cause of action next above referred to, if any existed, is malicious prosecution for maliciously and without probable cause causing a complaint to be filed charging the plaintiff with knowingly receiving stolen goods and causing him to be prosecuted therefor.   The complaint does not use the word "malicious", but facts are alleged that would make the prosecution by the defendants malicious; nor does it use the expression "without probable cause," but it states facts that would show want of probable cause but for the contradictory fact alleged in the complaint that the trial court found the plaintiff guilty of the offense charged and the contradictory fact alleged in the affidavit in support of the motion for summary judgment not denied by counteraffidavit, that this court on writ of error prosecuted by the plaintiff herein held that the evidence produced on the trial would support a jury's finding of guilt.   Although the court under its discretionary power set aside the judgment and ordered a new trial under sec. 274.37, Stats., the finding of conviction established probable cause and rendered nugatory the allegations of the complaint implying want of it, although the judgment was subsequently set aside.   *Topolewski Case, supra,* p. 63 *et seq.*   As want

of probable cause is as essential to a malicious prosecution case as malice, and the conviction established such lack of want as matter of law, the malicious prosecution necessarily falls. As there was no question of fact to submit to a jury in the instant case the summary judgment must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.