Clarence STANEK, Plaintiff-Appellant,

v.

TRAILMOBILE, INC., Defendant-Appellee.

No. 12969.

United States Court of Appeals
Seventh Circuit.

Nov. 15, 1960.

Vaughn S. Conway and Kenneth H. Conway, Baraboo, Wis., for appellant.

Stephen C. DeVries, Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

On October 14, 1957, plaintiff, a truck driver of the State of Wisconsin, commenced this action against defendant, a Delaware corporation licensed to and doing business in the State of Wisconsin. The action was for damages resulting from the alleged misrepresentation by defendant of the year of manufacture of a refrigerated trailer sold to plaintiff by defendant on December 19, 1956. It was alleged that defendant represented the trailer as a 1954 model when, as a matter of fact, it was a 1949 model. The sale price was $5,900, of which $1,200 was paid at the time of sale, with an agreement that the balance was to be paid in monthly installments of $220.00. Plaintiff made such payments in January and February, 1957. In March 1957, he returned the trailer to defendant at its lot in Madison, Wisconsin, for resale or trade-in.

The case was called for trial January 11, 1960, whereupon plaintiff without previous notice and by oral motion moved for leave to amend his complaint "to ask a rescission of the contract and for the money that had been paid under it." This motion was denied by the court. Plaintiff then made a motion for nonsuit, which was also denied. The case thereupon proceeded to trial. Plaintiff at the conclusion of his testimony again moved for a non-suit, which was denied.

At the same time, defendant moved for a directed verdict in its favor, which was allowed. Judgment was entered in favor of defendant, from which the appeal comes.

Plaintiff argues as grounds for reversal that the court erred in its denial of his motion for leave to amend his complaint and also in its denial of his motions for a voluntary non-suit made both prior to the commencement of the trial and at the conclusion of his case.

In the view which we take, no more than a brief statement of the facts is required. This is so for the reason that plaintiff makes no complaint of the court's action in directing a verdict in favor of defendant and its judgment predicated thereon. It is only the court's rulings on the motions as shown of which plaintiff complains. Plaintiff, in addition to his own testimony, introduced that of one witness, supposedly an expert on the market value of the trailer at the time it was purchased. The testimony of this witness was stricken and no complaint is made of the action of the court in this respect.

As noted, the action was commenced October 14, 1957. Defendant's answer was filed shortly thereafter. It was not until January 11, 1960 that the case was called for trial. In the meantime, defendant on May 12, 1958 had taken depositions and a pre-trial conference had been had on September 11, 1958. Defendant had flown witnesses from Ohio to Madison, Wisconsin, who were present to testify on the date set for the trial.

Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, so far as here material, " * * * a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

■ Even though the rule contemplates liberality on the part of the court in permitting amendments, yet it is vested with a discretion in the matter. The only question here is whether the court abused its discretion in denying plaintiff leave to amend his complaint and state a different form of action. A reading of the cases makes it plain that the question as to whether such discretion has been abused depends upon the particular facts of each case. In the instant case, there is no reason to conclude that the court abused its discretion. Absent a written proposed amendment, the court had no way of knowing whether plaintiff was entitled to relief on the basis of rescission. Certainly the mere oral statement in court that plaintiff desired to proceed on that theory was not enough. In addition, the proposal was first made at the time the case was called for trial and after the action had been pending for more than two years, without any excuse or reason for the long delay. Defendant was in court with its witnesses, ready for trial upon the action stated by plaintiff in his complaint and relied upon by all the parties for more than two years. If the amendment had been permitted under such circumstances, defendant would have had good reason to argue an abuse of discretion.

More than that, plaintiff's testimony not only shows that defendant made no representation that the trailer was a 1954 model but that plaintiff, even if he thought at the time of purchase that it was a model of that year, became aware of all the facts as early as March, 1957. The first time plaintiff advanced any theory of rescission was some two years later when he sought to amend his complaint. He testified in effect that he became dissatisfied with his purchase and returned the trailer to defendant's lot with instructions for defendant to trade it for another trailer or sell it for him. He stated that this was in accordance with the agreement which he had with defendant at the time of purchase.

■ The rule appears to be well established that a party seeking to rescind or set aside a transaction on the ground of fraud or inadequacy of consideration must move with reasonable diligence. Ketterer v. Bay View Nash Co., 192 Wis. 343, 212 N.W. 670; Lichter v. Goss, 7 Cir., 232 F.2d 715, 720 (and cases therein cited); Pure Oil Co. et al. v. Byrnes et

al., 388 Ill. 26, 41, 57 N.E.2d 356. This plaintiff did not do.

The situation which justified the court in its refusal to permit plaintiff to amend his complaint also supports its action in denying plaintiff's motion for non-suit made both before the trial commenced and at its conclusion. Plaintiff, as stated, was aware of all the facts connected with the transaction for a period of some two years. During that time he had ample opportunity to state, if he could, a cause of action upon which relief could be granted. This without any reason or excuse he failed to do until the case was called for trial. All litigation must sometime be brought to an end and, in our view, under the circumstances, there was no abuse of discretion on the part of the trial court in the rulings complained of.

The judgment is

Affirmed.