ALLEN, Judge.
Appellant, plaintiff in a malicious prosecution suit, brings this appeal from a directed verdict for defendant-appellee.
In 1961, plaintiff-appellant was tried in the Municipal Court of the City of Tampa on the charge of issuing a worthless check, a charge brought at the instance of defendant-appellee. At the conclusion of the hearing, the municipal judge found the plaintiff guilty, imposed a fine and term of imprisonment and signed the docket sheet indicating that adjudication. However, within thirty minutes to an hour from that time and after the complaining witnesses had left the court, the judge summoned the plaintiff back before him, dismissed the charge, struck through certain entries concerning sentence on the docket sheet and wrote “dismissed” across the docket.
Thereafter plaintiff instituted his suit for malicious prosecution and the cause came on for jury trial. Plaintiff introduced a certified copy of the municipal court docket sheet indicating the facts set out above. The court, over plaintiff’s objections, admitted parol testimony as to the circumstances surrounding the docket sheet entries. Having heard this testimony, the court indicated that it would direct a verdict for the defendants on the ground that the initial conviction in the municipal court precluded an action for malicious prosecution. A stipulation of. the facts was made part of the record and the court directed a verdict for the defendant.
The plaintiff-appellant raises two questions on appeal. One of these, directed to the admissibility of parol testimony concerning the municipal court proceeding is improper in that there is no assignment of error directed to the court’s action in admitting the testimony. Vaughn v. Smith, Fla.1957, 96 So.2d 143.
Appellant’s second point questions the trial court’s conclusion that the proceeding in the municipal court precluded an action for malicious prosecution. Appellant urges that the final and only relevant ruling of the municipal court was one dismissing the charge and that the initial conviction, almost immediately withdrawn, was not conclusive as to probable cause. The authority relied upon are cases where the actions of committing magistrates in binding a plaintiff over were not deemed conclusive of probable cause. The rule in Florida, however, is to the contrary and the action of the magistrate raises a presumption of probable cause. Gallucci v. Milavic, Fla.1958, 100 So.2d 375.
However, neither the Gallucci case nor the cases of Goldstein v. Sabella, Fla.1956, 88 So.2d 910; Calbeck v. Town of South Pasedena, Fla.App.1961, 128 So.2d 138; and Gordon v. City of Belle Glade, Fla.App. 1961, 132 So.2d 449, are conclusive authority as to the precise issue here involved. In the latter cases, final determinations in the trial court which were reversed on appeal, were held conclusive of probable cause. In the instant case, the apparent *912 final determination in the trial court was one of dismissal.
Nevertheless, in the context of a malicious prosecution suit, both determinations of the trial court are significant. The initial actions of the city judge, who after hearing the evidence and concluding that appellant was guilty, imposed a fine and term of imprisonment and signed the docket sheet indicating the adjudication of guilt, was as forcible a finding of probable cause, notwithstanding the subsequent dismissal, as was the action of a committing magistrate in binding over a prisoner as illustrated in the case of Gallucci v. Milavic, supra, or the action of a court in initially finding against a prisoner but releasing him after rehearing, Oosterwyk v. Bucholtz, 1947, 250 Wis. 521, 27 N.W.2d 361, or new trial, Arnold v. Jarvis, Mich. 1962, 367 Mich. 59, 116 N.W.2d 38.
The judgment is affirmed.
SHANNON, C. J., and BARNS, PAUL, Associate Judge, concur.