### John C. Robinson v. Board of Education.

1. BIDS—*Contracts for Public Works—Forfeitures.*—Where a person makes a bid for the performance of a public work for a board and accompanies his bid with the deposit of a certain sum of money under an agreement to forfeit the sum deposited in case of his neglect or refusal to enter into a contract to do the work, and without any default on the part of the board, he fails to execute the contract agreed to be made, he can not recover back the money so deposited, and the board may rightfully declare the same forfeited to its own use.

2. FORFEITURES—*Application of the Rule that Courts Incline Against.*—The rule that courts incline against forfeitures is never carried to the extent of relieving a party against the express terms of his own contract.

Assumpsit, to recover back a deposit. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed November 7, 1901.

FRANCIS S. WILSON and DARROW & THOMPSON, attorneys for appellant.

DANIEL J. McMAHON, attorney for appellee; ALBERT B. FORCE, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant sued appellee to recover a deposit of $560

made by him with appellee on May 15, 1896, accompanying his bid for the doing of certain mason work on the Kosminski school house, Chicago, the declaration being an amended special count and the common counts. A demurrer was sustained to the amended special count, and no error is assigned on the court's ruling in that behalf. The plea was the general issue. A trial before the court and a jury resulted in a verdict for the defendant, the appellee, and judgment thereon, from which this appeal is taken.

The abstract of the record is wholly insufficient and would justify the court in affirming the judgment for that reason, but we have, aided by the appellee's additional abstract, considered the merits notwithstanding, and have reached the same conclusion.

It appears from the evidence that the appellee published an advertisement for bids for the mason work to be done on the Kosminski school house, Chicago, and that appellant, who was a mason contractor of long experience in Chicago, put in a bid of $18,600, and deposited a check therewith of $560, payable to the order of appellee. By mistake in footing the different items which go to make up the bid, an error of $10,000 was made. Appellant says the bid "should have been $29,000. There was a mistake in carrying $10,000. This shows in my book and I put it in my bid on the basis of $19,000, making a small cut in that figure." The bid, which was upon a printed blank, had printed conditions attached below the bid, and are in part as follows:

"Deposit enclosed.                        Certified check $560.
                                            CHICAGO, May 15, 1896.
To THE BOARD OF EDUCATION OF THE CITY OF CHICAGO:
    The undersigned hereby offers to furnish material and do all the mason work required in the erection of a school building on the lot situated on Fifty-fourth and Ingleside avenue, in strict accordance with the plans and specifications prepared for same on file in the office of the architect or chief engineer of your board, for the sum of eighteen thousand six hundred dollars ($18,600) and agrees to be bound by the conditions as printed below.
                                            J. C. ROBINSON.

CONDITIONS UNDER WHICH PROPOSALS MUST BE MADE AND
INSTRUCTIONS TO BIDDERS.

All proposals for furnishing either labor, materials or supplies must be sealed in envelopes furnished for the purpose and addressed to the committee asking for proposals, indorsed, 'Proposals for ———,' (stating for what the proposals are intended), and must be left with the business manager at his office not later than the hour named and limited for receiving said proposals. All bidders must sign their full name and address. Firms must, in addition to the firm signature, give the full name of each individual member composing the firm.

All proposals of every kind must be accompanied by appropriate deposits, as hereinafter provided. On proposals of $100 or less, twenty per cent; between $100 and $200, fifteen per cent; between $200 and $500, ten per cent; between $500 and $2,000, five per cent; above $2,000, three per cent. Deposits must be in the form of cash or of certified checks drawn upon some banking institution in good standing, doing business in Chicago, and made payable to the order of the business manager.

No proposals for any purpose shall be considered unless they shall be accompanied by the proper deposits required. Upon the acceptance of any proposal the board or the committee which calls for the proposals shall have the right to require from the party or parties who made the proposal, a written contract or a reasonable or satisfactory bond, or both, to secure faithful compliance with the terms of the proposal, and the covenants thereof. If any proposal shall be withdrawn before the conclusion of the second regular meeting of the board following the receipt of the proposal, the deposit accompanying it shall be subject to forfeiture and retention by the board as liquidated damages. Bidders to whom contracts are awarded will be required to execute contracts and bonds within ten days after date of written notice that their contracts and bonds are ready for signature, said notice to be mailed to their address, as given in their proposal. In the event of their refusal or failure to execute said contracts and bonds within the time specified, their deposits will be subject to forfeiture."

It appears from the evidence that August Fielder was the architect of appellee at the time in question and had charge of the building of new buildings and the making of plans for the construction of masonry work; that appel-

lant a short time before the bids were opened, as he and Fielder both testify, came to the latter's office and told him that he had made a mistake in his estimate and wished to withdraw it. On the 22d of May following, appellant wrote the following communication to appellee, viz.:

"Discovering an egregious error in my proposal for the mason work on school building to be erected on Fifty-fourth street and Ingleside avenue, I wish to withdraw my bid.

Hoping this will meet with your favor, I am, yours,
                                        J. C. ROBINSON."

Again on the 4th of November following he wrote to appellee as follows:

"About the 15th of May last I submitted a bid to your honorable body for work on a school building, in which I discovered I had made a clerical error. I immediately reported this to your architect, but failed to stop the consideration of the proposal by the committee on buildings, who awarded me the contract, although I had notified them of this error and of my inability, without great loss, of doing the work, and in consequence of which the check deposited with proposal was confiscated, regardless of the fact that I did immediately show the unmistakable error. In fact, I had gone to the architect to withdraw my proposal, arriving just too late."

The bids were opened and the contract for the work was awarded to appellant by the appellee on the afternoon of May 15, 1896, upon the former's bid of $18,600, and the appellee, as the preponderance of the evidence clearly shows, first knew that appellant claimed a mistake in his bid some time after the contract had been awarded to him. The court ruled out the evidence of Fielder when it was offered to be shown by him that he notified the appellee of appellant's mistake in his bid. Had this evidence been admitted, it could, in our opinion, have made no difference on the question of preponderance. In any event, we think under the other facts of the case, the exclusion of this evidence could make no difference with the result of this appeal.

In the conditions accompanying appellant's bid and deposit, is the following provision, to wit:

"If any proposal shall be withdrawn before the conclusion of the second regular meeting of the board following the receipt of the proposal, the deposit accompanying it shall be subject to forfeiture and retention by the board as liquidated damages."

Conceding that appellant notified the board of his mistake, and that he requested to withdraw his bid at the time when he claimed to have done so, it was at a time before the conclusion of the second regular meeting of the board following the receipt of the proposal and the deposit of appellant by appellee. This made appellant's deposit subject to forfeiture as liquidated damages by the appellee under the terms of his bid. The appellee retained the check for the amount of appellant's deposit and collected the same, because appellant failed and refused to perform his contract after it had been awarded to him as the lowest bidder. This the board was justified in doing. We think the case of Village of Morgan Park v. Gahan et al., 136 Ill. 516, is conclusive on this point. The substance of the decision is given in the syllabi, viz.:

"Where a person accompanies his bid for the performance of certain public work for a village with a deposit of a certain sum of money under an understanding and agreement to forfeit the sum so deposited in case of his neglect or refusal to enter into a contract to do the work, and without any default on the part of the village, he fails to execute the contract agreed to be made, he can not recover back the money so deposited, and the village may rightfully declare the same forfeited to its own use. The rule that courts incline against forfeitures has no application to such a case, and the rule is never carried to the extent of relieving parties against the express terms of their own contracts."

There being no reversible error in the record, the judgment of the Circuit Court is affirmed.