GAVAHAN, Appellant, vs. VILLAGE OF SHOREWOOD, Respondent.

*December 5, 1929—January 7, 1930.*

430

*Joseph E. Tierney* of Milwaukee, for the appellant.

*Charles E. Hammersley* of Milwaukee, for the respondent.

FOWLER, J. The trial judge was of opinion that upon the evidence the plaintiff was entitled to recover $800, but considered that the action was in equity and that the court was without power to grant him relief because the action as brought was one at law. In this he was wrong in two respects. The action is one commonly denominated for money had and received, which is an action at law. *Steuerwald v. Richter,* 158 Wis. 597, 149 N. W. 692; 41 Corp. Jur. p. 28. And if it were in equity the court should have dismissed the jury of his own motion and proceeded with the case or proceeded with it without discharging the jury and taken the verdict as advisory only. The only practical difference between a case in equity and one at law, considering procedural matters only, is that the one is triable by the court without a jury and the other by the court before a jury. The only practical way of bringing up the question whether the action is at law or in equity is by motion to put it on the right calendar or strike it off from the wrong one. If a case at law is put upon the court calendar and goes to trial without a jury without objection, the jury trial is waived and the findings of the judge determine the judgment. If a court case gets on the jury calendar and is tried to a jury without objection, the verdict of the jury stands merely as an aid to the court and may be confirmed by findings or findings may be made and judgment entered

to the contrary.   Sec. 263.07, Stats.; *State ex rel. Sheldon v. Dahl,* 150 Wis. 73, 135 N. W. 474; *McIntyre v. Carroll,* 193 Wis. 382, 214 N. W. 366.

Counsel for defendant urges that the facts in evidence did not show a cause of action because no proper claim was ever filed with the village board.   His point is that the board could not pass upon the claim intelligently without details concerning which he inquired in writing which plaintiff's counsel refused to give.   But we consider that the claim filed formed basis for proper consideration by the board, and was therefore sufficient.   The board might properly have required the plaintiff to inform them of what his mistake was, if they did not know, but this might readily and as well have been ascertained by oral inquiry when the claim came up for consideration.

This is sufficient to indicate that the judgment must be reversed.   But the claims of the parties upon the question whether the plaintiff is entitled to recover on the ground of mistake in his bid are conflicting, and as counsel have argued and submitted briefs upon the question we will declare the law upon the point now in order that the trial court may be advised in event of another trial.

We are of opinion that when a bidder who has made a mistake in his computations or mistakenly omitted items from consideration in making his estimates in good faith asks to withdraw his bid for correction before the bids are opened, he is entitled to withdraw it; and that if in such case the municipality refuses to allow him to withdraw it, he is entitled to recover his deposit.   It may be that such a rule will allow dishonest bidders to claim mistake when there is none in fact.   And it will require re-advertisement where there is only one bid, if the bidder does not file a corrected bid.   But the city is in no worse position than it would be had no bid been filed at all, and here there were other bids so re-advertisement would not have been necessary.   This is in accord with *Moffett, Hodgkins & Clarke*

*Co. v. Rochester,* 178 U. S. 373, 20 Sup. Ct. 957. This was an action in the federal court for relief from a bid and to enjoin declaring forfeited the bond given to assure that the plaintiff would execute a contract for the work if the bid was accepted, on the ground that the plaintiff made a mistake in omitting, in footing up the total amount of the bid, his estimates of the cost of parts of the work. The defendants, as here, contended that the plaintiff was not entitled to any relief. The court says:

"If the defendants are correct in their contention there is absolutely no redress for a bidder for public work, no matter how aggravated or palpable his blunder. The moment his proposal is opened by the executive board he is held as in a grasp of steel. There is no remedy, no escape. If through an error of his clerk he has agreed to do work worth a million dollars for ten dollars, he must be held to the strict letter of his contract, while equity stands by with folded hands and sees him driven into bankruptcy. The defendants' position admits of no compromise, no exception, no middle ground."

The court states that the rule between individuals is "that until a proposal be accepted it may be withdrawn" and that "the transactions had not reached the degree of a contract— a proposal and acceptance," thus leaving it open to inference that a bid may be withdrawn at any time before its acceptance. As the plaintiff here has grounded his right to relief on mistake, we need not and do not consider whether in absence of mistake a bid may be withdrawn. Before adopting the view taken, we examined and considered the cases cited to the contrary in respondent's brief, but found that only one of them supports his contention, *Robinson v. Board of Education,* 98 Ill. App. 100. In the others either mistake was not involved or such as was involved was of law in misinterpreting the proposals.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings.