KRASIN and another, Respondents, vs. VILLAGE OF ALMOND, Appellant.

*January 15—February 13, 1940.*

514

*Lyel N. Jenkins,* attorney, and *Charles W. Nason, Jr.,* of counsel, both of Stevens Point, for the appellant.

For the respondents there was a brief by *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

FOWLER, J. The action is to recover the amount of a check for $2,000 cashed by the defendant village, which the plaintiff had deposited as security for the fulfilment of his bid for public works. Upon trial to the court without a jury the court found for the plaintiff and judgment went accordingly.

The village claims right to the check under sec. 66.29, Stats. There is no doubt, as the court found, that there was an error of $6,000 in the plaintiff's bid, which arose from the plaintiff's misreading an adding-machine slip recording a total wherein a faint figure "6" in the thousand column of the total was read as "0," and was carried into the total of the bid, making the bid $20,501.57, instead of $26,501.57. The mistake in the total of the bid appeared on the face of the final-estimate sheet of the plaintiff, which was shown to the village board when the bids were opened, and the mistake was then called to the attention of the board.

Subs. (5) and (7) of the statute on which the defendant relies, so far as here material, are set out in the margin.[1]

---

[1] Sec. 66.29 (5) *Corrections of errors in bids.* Whenever any person shall submit a bid or proposal for the performance of public work under any public contract to be let by the municipality, board, public body or officer thereof, who shall claim mistake, omission or error in preparing his bid, the said person shall, before the bids are opened, make known the fact that he has made an error, omission or mistake, and in such case his bid shall be returned to him unopened and the said person shall not be entitled to bid upon the contract at hand unless the same is readvertised and relet upon such advertisement. In case any such person shall make an error or omission or mistake and shall discover the same after the bids are opened, he shall immediately and without delay give written notice and make known the fact of such mistake, omission or error which has been committed and submit to the municipality, board, public body or officers thereof, clear and satisfactory evidence of such mistake, omission or error and that the same was not caused by any careless act or omission on his part in the exercise of ordinary care in examining the plans, specifications, and conforming with the provisions of this section, and in case of forfeiture, shall not be entitled to recover the moneys or certified check forfeited as liquidated damages unless he shall prove before a court of competent jurisdiction in an action

Sub. (5) is headed "Corrections of errors in bids." This heading manifestly contemplates that corrections of errors may be made in proper cases, and this would seem to imply that a bid when properly corrected may stand as a bid. Under this concept of the purpose of the statute, the village should under the facts found by the trial court, which are well supported by the evidence, have permitted substitution of the correct amount in the bid.

Sub. (5) first provides that when a bidder discovers a mistake in his bid he shall "before the bids are opened" make known his error and "his bid shall be returned to him unopened." In such case he shall not be entitled to bid upon the contract unless the letting is readvertised. But as the plaintiff did not discover his mistake until after his bid was opened it.could not be returned to him unopened and this provision for readvertisement does not apply.

The statute next provides that if a bidder discovers a mistake after the bids are opened he shall "immediately and without delay" give written notice thereof to the municipality. The plaintiff discovered his mistake after the bids were opened and complied with this provision by giving both oral and written notice thereof, as the trial court found "within such convenient time as is reasonably requisite for doing the thing" which under the rule of *Kentzler v. American Mutual Accident Asso. of Oshkosh,* 88 Wis. 589, 595, 60 N. W. 1002, satisfies the calls of "immediately and without delay."

---

brought for the recovery of the amount forfeited, that in making the mistake, error or omission, he was free from carelessness, negligence or inexcusable neglect.

(7) On all contracts the bidder shall incorporate and make a part of his proposal for the doing of any work or labor or the furnishing of any material in or about any public work or contract of the municipality, a sworn statement that he has examined and carefully prepared his bid from the plans and specifications and has checked the same in detail before submitting the said proposal or bid to the municipality, board, department or officer charged with the letting of bids, and also at the same time as a part of such said proposal, submit a full and complete list of all the subcontractors and the class of work to be performed by each.

The statute next provides that a bidder making a mistake in his bid shall submit "clear and satisfactory evidence" of such mistake and that it was not caused by his carelessness "in examining the plans, specifications, and conforming with the provisions of this section." The plaintiff furnished such evidence of complying with the statute as thus far stated by showing to the village board his final-estimate sheet, which showed on its face that his mistake was in wrongly setting down thereon a "0" for a "6" in the thousand space of the total of a column of figures representing the cost of materials required for the work. This estimate sheet also showed on its face that this total was one of the items that made up the amount of the bid. The plaintiff on the day of the opening of the bids explained his mistake in detail to the board. None of his statements in this respect was disputed. In showing just how his mistake occurred the plaintiff showed that it did not result from any carelessness in examining the plans and specifications or in conforming to the statute as thus far stated. The trial court considered, and so do we, that the plaintiff fully complied with the statute up to this point.

The village contends that the mistake involved was caused by carelessness of the plaintiff in not conforming with other provisions of the section, and refers to sub. (7) as not complied with. This subsection provides that in submitting a bid a bidder shall attach "a sworn statement that he has examined and carefully prepared his bid from the plans and specifications and has checked the same in detail before submitting" his proposal. The plaintiff's bid had attached such sworn statement. The village claims that this sworn statement was false. If so, the village might perhaps have rejected the bid, but as they accepted the bid, or attempted to accept it, they can hardly gain advantage from any claimed falsity of the statement. However, we do not regard the statement as false. No failure to prepare the bid from the plans and specifications appears. The clause "that he has

checked the same in detail" refers, as we construe it, to checking in detail with the specifications, rather than checking the total taken from his adding machine.

The defendant also claims that the plaintiff cannot recover because of the closing part of sub. (5), which reads "and in case of forfeiture [the bidder], shall not be entitled to recover the moneys or certified check forfeited as liquidated damages unless he shall prove before a court of competent jurisdiction in an action brought for the recovery of the amount forfeited, that in making the mistake, error or omission he was free from carelessness, negligence or inexcusable neglect." The three terms last above appearing as applied to the instant facts are synonymous. "Carelessness" consists of the doing of some act or omitting to do some act. So as to negligence. The "carelessness" or "negligence" here involved, if any there was, consists of an omission to do some act. The "neglect" involved, if any there was, consists of that same omission. The "carelessness" or "negligence," if any, was thus only "neglect." The only neglect that under the statute visits the penalty of forfeiture is "inexcusable neglect." Assuming that the legislature has power by its mere fiat to create a forfeiture by calling a penalty liquidated damages, a point which we do not here consider, unless the plaintiff's "neglect," if any there was, was "inexcusable" there was no forfeiture under the language of sub. (5) relied on as creating a forfeiture, and if such neglect did not create a forfeiture because it was excusable, neither did carelessness or negligence which consisted of the same thing as neglect. The trial court manifestly considered such neglect of the plaintiff as was involved, if any, as excusable, and the facts as stated preceding the opinion support that conclusion, if ever neglect may be excusable, as the statute manifestly contemplates it may be.

*By the Court.*—The judgment of the circuit court is affirmed.