BECK and another, Respondents, vs. BECK INVESTMENT COMPANY and others, Appellants.

*May 20—June 22, 1946.*

6

*William E. Burke* of Milwaukee, for the appellants.
*Roy R. Stauff* of Milwaukee, for the respondents.

RECTOR, J. Art. VII of the articles of incorporation of the Beck Investment Company provides that "each member shall be entitled to one vote for each share of stock of which he is the owner and registered holder." Sec. 4, art. II, of the by-laws provides that "only such persons shall be entitled to vote in person or by proxy who shall appear as stockholders on the books of the corporation at the time of said meeting."

The appellants claim that the respondent Ida Beck was not entitled to vote at the meeting of January 4, 1945, except to the extent of twenty-four shares, since no certificate of stock had been issued to her for the additional twenty-five shares which she claimed to vote, and since she was not the registered holder on the books of the corporation of the additional twenty-five shares at the time of the meeting. They also rely on *Schwemer v. Fry* (1933), 212 Wis. 88, 249 N. W. 62, in which it was stated that unissued stock was not entitled to vote.

We do not regard *Schwemer v. Fry, supra,* as determinative. The question there was whether a subscriber was entitled to vote the amount for which he had subscribed and for which he had not paid nor tendered payment. It is well-settled that one acquires ownership of stock by paying therefor and that a stock certificate is merely evidence of the ownership resulting from such payment. *Wells v. Green Bay & Mississippi Canal Co.* (1895) 90 Wis. 442, 64 N. W. 69; *Levy v. Sattler* (1919), 169 Wis. 308, 172 N. W. 738; *Long v. Tax Comm.* (1932) 208 Wis. 668, 242 N. W. 562.

It is not unusual for corporate articles to require registration of ownership of corporate stock as a prerequisite to vot-

ing. In some cases such registration is required a stated time in advance of the meeting. Here there was no such requirement. The only requirements were those contained in art. VII of the articles and sec. 4, art. II, of the by-laws set out above. No objection was made at the meeting that the tender was not timely. The refusal to accept it, to issue to Ida Beck the shares to which she was entitled, and to record her as the owner thereof on the books of the corporation, was based upon the contention that she was not entitled to pay for and receive twenty-five additional shares. The appellants prevented Ida Beck from complying with the requirements of the articles and by-laws and, having done so, they are not in a position to assert such noncompliance as the reason for denying her the right to vote.

A further claim is made that the ballots cast by the respondents were irregular in that they voted for themselves as president and secretary-treasurer, respectively, rather than as directors. However, the respondents' attorney, who was present at the meeting, stated in response to a question raised as to the form of the ballots that they were intended to be voted upon the only question then before the meeting, namely, the election of directors. No further question was raised about the irregularity at the time and we consider it without substance.

The further claim is made that an equitable action such as this is not a proper proceeding to determine the title to a corporate office. It is argued that an action of *quo warranto* would be the proper remedy. However, there can be no question but that a court sitting without a jury, as in an equity proceeding, has jurisdiction in the broad sense to determine such issues. As to whether it should assume such jurisdiction as an equity court is a question which cannot be raised after a trial has been had without objection. *Gavahan v. Shorewood* (1930), 200 Wis. 429, 228 N. W. 497.

*By the Court.*—Judgment affirmed.